STATE *vs.* JOEL DUNLAP.

Franklin. Announced January 7, 1889.

Opinion. March 19, 1889.

*Indictment. Cider. "Beverage or tippling purposes." R. S., c. 27.*

An indictment for the sale of cider sets out no offense under R. S., c. 27 without an averment that the cider was sold as "a beverage or for tippling purposes."

ON EXCEPTIONS. Indictment for single sale of cider, in quantity less than five gallons, August 1, 1886. After a verdict of guilty, the defendant moved an arrest of judgment because 1st, no crime is charged in the indictment; 2d, everything charged in the indictment may be true, and still the defendant may be innocent; 3d, the indictment gives the defendant no notice of what he had to meet on the trial. The presiding justice overruled the motion, *pro forma*, and the defendant excepted.

There were other exceptions by the defendant, but they became immaterial, in the view taken by the court of the motion.

*H. L. Whitcomb*, for defendant.

Sale of cider, in the abstract, no offense. *State* v. *McNamara*, 69 Maine, 133. Indictment demurrable. *State* v. *Keen*, 34 Maine, 500; *State* v. *Gurney*, 37 Id. 149; *State* v. *Godfrey*, 24 Id. 232; *State* v. *Bennett*, 79 Id. 55.

Cider being excepted from the general provisions of the statute, the state must charge and prove it was sold as a "beverage or for tippling purposes." *Rex* v. *Liverpool*, 3 East, 36; *State* v. *Northfield*, 13 Vt. 565; Starkie's Crim. Pl., 2d ed. 190; 1 Bishop Crim. Proc., §§ 513, 637; *State* v. *O'Donnell*, 10 R. I. 472; *Com.* v. *Maxwell*, 2 Pick. 139; *Com.* v. *Thurlow*, 24 Pick. 374; *Com.* v. *Odlin*, 23 Pick. 275; Bishop Stat. Crimes, § 1034, b, note; *Dawson* v. *People*, 25 N. Y. Ct. App. 399, (11 Smith) *Vanderwood* v. *State*, 50 Ind. 36; *Dowdell* v. *State*, 58 Ind.

*F. E. Timberlake,* county attorney, for the state.

This is an indictment under § 34, c. 27 of the R. S. prior to the amendment of 1887.

The indictment declared the article sold to be "intoxicating liquor," and the evidence must have sustained the allegation, as the verdict of the jury was "guilty."

The description—"to wit, a quantity less than five gallons of cider"—might be rejected and the indictment would then be sufficient. *Com.* v. *Conant,* 6 Gray, 482; *Com.* v. *Timothy,* 8 Gray, 480; *Com.* v. *Anthes,* 12 Gray, 29; *Com.* v. *Dean,* 14 Gray, 99;

An indictment as common seller or for nuisance would be sustained by proof of sales of cider unlawfully. *State* v. *Roach,* 75 Maine, 123; *State* v. *Starr,* 67 Maine, 242;

Whether it is intoxicating liquor is a question of fact for the jury. *Com.* v. *Blos,* 116 Mass. 56.

All matters of defense not a part of the description of the offense need not be set out in indictment. 1 Bishop on Crim. Proc. § 638. *Com.* v. *Edwards,* 12 Cush. 187.

A *prima facie* case is stated and it is for the party for whom matter of excuse is furnished by the statute to bring it forward in his defense. *State* v. *Gurney,* 37 Maine, 149.

An exception or proviso which is not in the enacting clause, whether in the same section with it or not, need not be negatived. 1 Bishop Crim. Proc. § 639, and cases there cited. *Guptill* v. *Richardson,* 62 Maine, 257, 263; *State* v. *Boyington,* 56 Maine, 512; *Com.* v. *Fitchburg R. R.,* 10 Allen, 189; *Com.* v. *Hart,* 11 Cush. 130, 136.

A negative averment need not follow the words of the statute. A negative in general terms will suffice. 1 Bishop Crim. Proc. § 641, and cases there cited. *State* v. *Keen,* 34 Maine, 500, 505.

"Without any lawful authority, etc.," sufficiently negatives all modes of selling warranted by law. *Com.* v. *Conant, supra; Com.* v. *Davis,* 121 Mass. 352; *Com.* v. *Clark,* 14 Gray, 367, 374.

HASKELL, J. The indictment charges the sale of "a quantity less than five gallons of cider" on the first day of August 1886, without stating that it was sold "to be used as a beverage or for tippling purposes." The omission is fatal to the indictment; for

all that the indictment charges may be true, and the defendant have violated no law.

The indictment is found under c. 27 of R. S.; and that chapter permits the sale of unadulterated cider, not sold "to be used as a beverage or for tippling purposes." These uses to be made of the article must exist, in order that the statute may apply to the sale of cider at all. The sale must be tainted and coupled with the particular use or purpose to come within the statute. *State* v. *McNamara*, 69 Maine, 133; *State* v. *Roach*, 75 Maine, 123.

This case does not come within the rule that an exception or proviso not in the enacting clause of a statute need not be negatived; for this statute, by its express language, does not apply to the subject at all, unless certain conditions exist. These conditions are not exceptions withdrawn from the scope of the statute, but are made the subject matter upon which the statute may act. Unless they exist, the statute is inoperative; and unless they be averred, no violation of the statute is shown.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.